(Cuyahoga Court Court of Common Pleas.)

## CARL C. SIGLER v. THE CITY OF CLEVELAND.

*Criminal Law—Violation of Smoke Ordinance—Defective ordinance—Penalty provided exceeding statutory limits.*

Under sec. 1692a, Rev. Stat., authorizing municipalities to pass ordinances to regulate and compel the consumption of smoke and to prevent injury and annoyance from the same, a city has no authority to pass an ordinance to prohibit the emission of dense smoke, unless such smoke be an injury and annoyance.

A city has no authority to prescribe for a first offense a fine of more than $50.

ONG, J.

The case of Carl C. Sigler v. The City of Cleveland is a proceeding in this court on error from the Police Court of the city of Ceveland. The petition in error sets forth several reasons why the judgment of the police court should be reversed; and very full and able argument was had in behalf if the plaintiff in error, the City not appearing.

I have not taken the time to go through the bill of exceptions and look into the several grounds of error alleged to have occurred at the trial of the case, but have contented myself with the examination of the two leading objections to the judgment rendered below.

Carl C. Sigler, a member of the firm of Sipe & Sigler, was sometime in January, 1895, arrested on complaint made in the police court for the violation of the smoke ordinance of the city of Cleveland, and it was charged that he permitted the emission in dense quantities of smoke from the stack of his factory. and was therefore a violator of the law of the city.

The legislature of Ohio in 1890, by amendment to section 1692a, granted to municipalities throughout the state, including incorporated villages, power to regulate and compel the consumption of smoke emitted by the burning of coal, and to prevent injury and annoyance from the same.

Thereupon the city of Cleveland, by its council, undertook to and did on the 2nd day of February, 1892, enact the following section in ordinance 2174: "Be it ordained by the council of the city of Cleveland that the emission of dense smoke from any chimney anywhere in the city, or from the smokestack of any boat, locomotive or stationary engine or boiler within the limits of the city of Cleveland, shall be deemed and is hereby declared to be a public nuisance."

This section of the ordinance is rested upon and enacted by virtue of the power granted by the legislature in 1890 that I have just read. It is now contended by the plaintiff in error that no authority existed or was vested in the city council of the city of Cleveland by the act of 1890 to declare and make smoke per se a nuisance, and that the city council have exceeded their authority in this regard; that all the city council was authorized to do by the legislature was, in the language of the act itself, authorized to regulate and compel the consumption of smoke, and to prevent injury and annoyance from the same.

It is a well-established doctrine and rule of law, that municipalities have incidental powers and a general right, even in the absence of specific grants from the legislature, to enact reasonable ordinances for the government of the municipality; but where a special grant of power is made to the municipality by the legislature, then that grant must be strictly construed and followed by the city council in enacting any ordinance predicated upon such grant. The legislature in the act to which I have referred did not authorize the city council to declare smoke a nuisance, but did authorize the city to regulate it, and to prevent injury and harm from it; but the city by this ordinance, as I have said, makes it a nuisance per se, without regard to the results, without any regard to whether injury or annoyance follow. And in this connection I refer to 5 Ohio, 320; 12 Ohio St. 392; 31 W. L. B. 9; and a long list of common law decisions on the subject. Will it be contended that the legislature itself could declare smoke (a necessary and natural result from the use of coal fuel, the use of which is absolutely necessary both to produce power and for heating purposes) a nuisance per se, without any regard to whether or not it injures property or annoys any person? Smoke was not a nuisance at common law. If, now, the emitting of smoke is to be a criminal offense, it must be so by statute only, and by ordinance only within the power granted.

Suppose, for instance, in the country a farmer erects in his sugar camp, for the purpose of making syrup as many of them do, a furnace and a stack; and he uses soft coal, and in the process of distilling or making syrup, he causes to be emitted from the chimney or stack, dense smoke, not within the reach of any person or property, harms and annoys no one, could the legislature, by act, declare that to be a nuisance per se, and punish him criminally for the act on his own premises, with no claim of injury to property. or annoyance to any one? Most palpably not. Much less can the city of Cleveland, under a grant of power to regulate and to prevent annoyance and injury, declare smoke a nuisance per se, without regard to chimney or location, except within the city, or the quantity emitted. True, the ordinance says "dense smoke." It is absolutely uncertain, and against the policy of all legislation, and especially acts creating crime and making persons amenable thereto by a penal punishment. To omit dense smoke, is leaving to the judgment of the court what is dense smoke. "Dense," in the general acceptance of the term, means solid or compact; but to what degree the solid-

ity or compactness must exist or may exist is entirely uncertain and indefinite in this ordinance. In fact, the words could not, as used in this ordinance, have any definite definition or limitation.

Now, it is not the policy or theory of the law that in criminal statutes or ordinances any uncertainty should exist; and they have many times been held invalid and void by reason of the uncertain character of the same in attempting to declare or make the doing or omission to do something a crime; and in this case the legislature did not intend either by word, by spirit or by construction of this act, to authorize the city council to make and declare smoke of itself a nuisance; but did, as I have said, authorize them to regulate even to the extent of compelling persons to put in smoke consumers—a thing that if thoroughly examined, never existed, can or ever will be done, for the reason that smoke is the product of heat. But I have no doubt that soot, or the solid part in smoke, may be separated or taken from the smoke by process, and that solid substance consumed.

Again, the legislature intended that the city council might prevent injury and annoyance, and they might do it by making the failure to use a smoke consumer or, by permitting the smoke of the chimney or stack to annoy any person or injure property, a penal offense, and punish any person for the violation of the same. It could never be a public nuisance unless it annoyed more than one, or injured property.

I observe in the second section of this ordinance that the city council undertook to and did say that it should be unlawful for any person to emit into the air any noxious gases or vapors, or any odor from any manufacturies, buildings or premises within the limits of the city, injurious to the health or annoying to the inhabitants of the city or any part thereof. Now, if authority exists for the enacting of the section at all, it is clearly to regulate and to prevent it when carried on to the extent that it annoys and injures. Then, and when that fact is made to appear, the court may declare it a nuisance under the ordinance, and punish the offender and abate the same; but not true of the first section herein as to smoke.

Smoke is not necessarily black and dirty. Smoke in many instances is just as harmless and clean as steam; and no one would pretend to say that an act by the city council inhibiting emission of steam from any of the stacks, chimneys, boats or engines named in section 1, would be a valid act if the legislative body should undertake to make it a nuisance per se; for the reason that steam does not contain any injurious particles. It evaporates and passes away in the air, and yet is emitted in dense quantities at times. So, upon the whole, I am disposed to believe and do hold that this ordinance is void, for the reason that no authority was ever granted by the legislature authorizing the city council to make or declare smoke a nuisance per se.

There is, however, another ground earnestly contended for as error in this case; and that is, that the fine assessed is in excess of the authority granted to the city council for the first offense under the ordinance of a light nature. On this subject I have no doubt, because the legislature by sec. 1862 has provided that fines, penalties and forfeitures which do not exceed the sum of $50 for any specified offense or violation of an ordinance, shall not be deemed unreasonable. In this ordinance the penalty for the first offense is not less than $10 nor more than $100, and the presiding judge in the police court imposed a fine of $100 and costs in this case, which was clearly unreasonable, and in violation of the section of the statutes to which I have just referred; and on this ground the judgment of the court below must be and is reversed.

There are, as I have said, other grounds insisted upon that I have not had time to consider; but they are not material to the enactment of a new ordinance by the city council upon this subject. I have undertaken to give to the two grounds such consideration as, if I am right about it, will be a guide to the city council in the enactment of an ordinance upon this subject rested upon the authority granted and that now exists. Therefore the court below having no jurisdiction to hear and punish the plaintiff in error, the ordinance being absolutely void, the judgment is reversed, and the plaintiff in error is discharged.

Hart & Canfield, for plaintiff in error.

T. M. Kennedy, for defendant in error.